# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7419 | **DATE** | 1/24/2002 |
| **CASE TITLE** | Rev. Leroy Dixon vs. J. Parker, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. In sum, the fourth paragraph of defendants' Answer and Ads 1, 2, 3 and 5 are stricken. Only the stricken paragraph of the Answer may be amended by an amendatory pleading filed in this Court's chambers (with a copy simultaneously transmitted to Dixon's counsel) on or before February 4, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 25 2002 date docketed | 10 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/24/2002 date mailed notice | |
| SN courtroom deputy's initials | | 02 JAN 24 PM 4:16 Date/time received in central Clerk's Office | SN mailing deputy initials | |


DOCKETED
JAN 25 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

REV. LEROY DIXON,       )
                        )
         Plaintiff,     )
                        )
v.                      )   No.  01 C 7419
                        )
J. PARKER, et al.,      )
                        )
         Defendants.    )

### MEMORANDUM ORDER

All three defendants in this 42 U.S.C. §1983 ("Section 1983") action, originally brought against them via a pro se Complaint prepared by Reverend Leroy Dixon ("Dixon"), have now filed their Answer to the Complaint. This memorandum order is issued sua sponte to address several matters raised by the Answer.

Initially a non-problem should be gotten out of the way. Because Dixon's self-prepared Complaint is a rambling narrative, and because the pro bono counsel whom this Court has appointed to represent him have elected not to supersede that pleading with a lawyer-prepared Amended Complaint, the defense counsel has been compelled to respond in an equally awkward narrative fashion. There is of course no reason to criticize that decision, compelled as it is by the nature of the initial pleading, and so no change in the basic structure of the Answer will be required.

But one aspect of the Answer is flawed because it fails to comply with the disclaimer that is required of any responding

party who seeks the benefit of a deemed denial of a plaintiff's allegations (see the second sentence of Fed. R. Civ. P. ("Rule") 8(b), as well as App. ¶1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). Hence the fourth paragraph of the Answer is stricken, but with leave of course granted to defense counsel to file an amendment to the Answer replacing that paragraph on or before February 4, 2002.

Defendants' Affirmative Defenses ("ADs") are different--virtually all of them get a failing grade under the standards called for by Rule 8(c) and confirmed in App. ¶5 to State Farm. Here are their flaws (with each number corresponding to the numbering of defendants' ADs):

    1. When Dixon's allegations are accepted as true (as they must be for AD purposes), they clearly state a claim of the deprivation of his constitutional rights--at a minimum, his Fourth Amendment right[1] not to be subjected to unlawful seizures. In that respect, note particularly Dixon's claim that he was gratuitously thrown to the floor, handcuffed and chained through the use of excessive force, causing him serious and permanent injuries.

---

[1] As always, this opinion adheres to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

2

2. Given the repeated teachings from the highest judicial sources (see particularly <u>Saucier v. Katz</u>, 121 S.Ct. 2151 (2001)), this Court continues to be amazed at the stubborn persistence of counsel for law enforcement personnel (whether as here from the Attorney General's Office, or from the Cook County State's Attorney's Office, or from the City of Chicago Corporation Counsel's Office) in invariably asserting qualified immunity defenses in a Pavlovian manner, rather than only selectively where such a defense is appropriate. In this instance Dixon's allegations, when accepted as gospel in AD terms, cannot spare defendants the need "to stand trial or face the other burdens of litigation" (<u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985))--and so qualified immunity plays no legitimate role at this stage. If factual development were to change that, so that (for example) a qualified immunity defense might extricate one or more defendants from the case (say on a Rule 56 motion for summary judgment, see <u>Saucier</u>), the defense may be raised at that time. For the present, however, the advancement of that defense is just wrong.

3. Defendants' assertion of good faith may perhaps be true (in which event they may ultimately prevail)--but because that assertion is basically at odds with the scenario alleged by Dixon, AD 3 is also inappropriate <u>as an</u>

3

AD.

4. Because of the imprecision of Dixon's allegations as to just who did precisely what to him, AD 4 will not be stricken.[2]

5. Again Dixon's allegations, accepted as true as they must be, preclude the assertion of AD 5.

In sum, the fourth paragraph of defendants' Answer and ADs 1, 2, 3 and 5 are stricken. Only the stricken paragraph of the Answer may be amended by an amendatory pleading filed in this Court's chambers (with a copy simultaneously transmitted to Dixon's counsel) on or before February 4, 2002.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 24, 2002

---

[2] Dixon's counsel, in the discharge of their obligation to represent him, will obviously have the responsibility to determine whether other persons should be added as Section 1983 defendants, as well as to ascertain whether his claims against all of the named defendants arguably pass muster in constitutional terms.

4